UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CR0014AGF |
| | ) | |
| Clifford Keith Hobbs, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on the pretrial motions of Defendant Clifford Keith Hobbs. Defendant is charged in an indictment with one count of using a facility of interstate commerce to entice a minor to engage in illicit sexual activity.[1] The case is set for trial on September 10, 2012, the trial date having been continued on Defendant's motion. All pretrial motions were referred to United States Magistrate Judge Mary Ann L. Medler under 28 U.S.C. § 636(b). While represented by counsel, Defendant filed a Motion to Suppress Statements and Evidence (Doc. No. 39), and the United States filed a Motion for Determination of Admissibility Pursuant to 18 U.S.C. § 3501 (Doc. No. 25). An evidentiary hearing was held on Defendant's motion to suppress on April 5, 2012.

---

[1] Defendant, who describes himself as "sui juris," and "a common man of the Sovereign People," objected to spelling his name in all capital letters in the caption, asserting that he is not a "corporation." Though asserting that use of capital letters in the caption is irrelevant to any issue of jurisdiction, the United States nonetheless moved to amend the indictment by interlineation to spell Defendant's name in uppercase and lowercase letters, which motion the Magistrate Judge granted on January 27, 2012.

Defendant thereafter filed a *pro se* Notice of Dismissal of Counsel, which Judge Medler properly treated as a motion. (Doc. No. 45) Following a hearing on April 23, 2012, at which Judge Medler conducted an extensive colloquy, Defendant was permitted to proceed *pro se*, and Assistant Federal Public Defender Sean Vicente was appointed as stand-by counsel. In his Notice of Dismissal of Counsel, Defendant also raised other issues, including arguments related to discovery and challenges to the Court's jurisdiction, and the United States responded to these additional issues. The day after the hearing, Defendant filed a *pro se* document entitled "Take Judicial Notice and Administrative Notice; in the Nature of a Writ of Error, *Coram Nobis*, and a Demand for Dismissal for Failure to State the Proper Jurisdiction and Venue." (Doc. No. 48.) The United States responded to this filing, as well. (Doc. No. 55.)

On May 15, 2012, Judge Medler issued a Report and Recommendation ("R&R") (Doc. No. 57) addressing all of the issues raised by Defendant. Judge Medler recommended that Defendant's motion to suppress be denied. She also recommended denial of Defendant's claim that his arrest was unconstitutional, his assertion that the case is barred by double jeopardy, and Defendant's other contentions that the Court lacks jurisdiction. Judge Medler also ordered that Defendant's request for discovery be denied, and that Defendant's request for grand jury materials be granted in part and denied in part. In a Supplemental Report and Recommendation ("Supplemental R&R") (Doc. No. 59), filed on May 22, 2012, Judge Medler recommended that the United States' motion to determine admissibility of Defendant's statements be granted and that Defendant's

2

statement be found to be voluntary.  In both the R&R and the Supplemental R&R, Defendant was advised that he had fourteen days to file written objections to each report and recommendation.

Defendant did not file any objections or other documents within fourteen days of the initial R&R.  On May 31, 2012, Defendant filed, by hand-delivery, a document entitled, "Take Judicial Notice and Administrative Notice; In the Nature of a Writ of Error, Coram Nobis, of Fraud Upon the Court, Improper Jurisdiction & Venue, and Perjured Oath & Conflict of Interest" (Doc. No. 61).  Although the United States challenges the timeliness of this filing, the Court, to the extent pertinent, shall treat this as an objection to the R&R, and also deems the filing to be timely as it was filed within fourteen days of the Supplemental R&R.  On June 13, 2012, Defendant filed another document, entitled "Challenge of Jurisdiction" (Doc. No. 64), to which the United States has responded.  In these two filings, Defendant does not challenge the findings of fact or legal conclusions related to Defendant's motion to suppress.  Rather, Defendant seeks dismissal of the indictment, asserting various challenges to the Court's jurisdiction and the authority of the Court and prosecutors, some of which were addressed in the R&R.

When a party objects to a Report and Recommendation concerning a dispositive matter, the Court is required to "'make a de novo review determination of those portions of the record or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).  When a party objects to orders on nondispositive matters, "[t]he

3

district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Rule 59(a), F. R. Cr. P.*

## I. **Motion to Suppress Evidence**

As stated above, Defendant has not challenged the findings of fact or legal conclusions in the R&R with respect to Defendant's motion to suppress. Nonetheless, because Plaintiff is proceeding *pro se*, the Court conducted a *de novo* review of the motion to suppress evidence and statements, including a full review of the testimony, exhibits, and arguments presented at the hearings on April 5 and April 23, 2012. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly analyzed the issues.

For the reasons stated in the R&R, the Court finds that the officers, based on their investigation, including the messages sent by Defendant and their observation of Defendant's actions consistent with his messages, had probable cause to believe Defendant was committing a felony at the time he was stopped and arrested. The Court also agrees with the recommendations of the Magistrate Judge that the search of Defendant's vehicle at the time of his arrest, and the seizure of items from Defendant's vehicle, including his cell phone,[2] the condoms, and the receipt for the condoms, was lawful, and not subject to suppression. Several different grounds authorize the search of the vehicle, including that it was reasonable for the officers to believe that the vehicle

---

[2] Defendant has not challenged the subsequent search of the cell phone, which was thereafter conducted pursuant to a search warrant.

4

contained "evidence of the offense of arrest," within the meaning of *Arizona v. Gant*, 556 U.S. 332, 346 (2009). Further, the officers were authorized to conduct and did conduct an inventory search of the vehicle, and the items seized would inevitably have been discovered during such a search. Because the officers had probable cause to stop and arrest Defendant, his arguments that the evidence is subject to suppression as the fruit of the unlawful detention also fail.

## II. Motion to Suppress Statements

For the reasons stated in the R&R and Supplemental R&R, the Court also agrees that any statements by Defendants were voluntary, and should not be suppressed. The only statement challenged by Defendant was the statement he made at the scene, following his arrest, in which he stated: "I told her she was too young. I was just going to take her to dinner." This statement was made after Defendant was advised of his *Miranda* rights. And though Defendant promptly invoked his right to counsel, the statement was made spontaneously, and was not in response to any questioning by Detective Bosley or any other officer. Nor is the statement subject to suppression as the fruit of an unlawful arrest, as the officers had probable cause to stop Defendant and to arrest him.

Although Defendant nowhere specifically challenges the voluntariness of his statement at the scene, the record reflects that the statement was voluntary. Prior to making the statement, Defendant was advised of his *Miranda* rights. At the time, Defendant, who was then approximately 46 years old, did not appear to be under the

5

influence of drugs or alcohol, was not subject to any threats or force, appeared to understand what was transpiring, and understood his *Miranda* rights well enough to invoke his right to counsel. As such, Defendant's statement should not be suppressed

### III. Discovery Requests

Defendant did not file any objections to the Magistrate Judge's Order denying his request for discovery,[3] including a list of witnesses, or to the Order granting Defendant's request for grand jury testimony transcripts to the extent of the prosecutor's offer to produce, and denying the request in all other respects. Even if Defendant had properly preserved his objections to these orders, the Court finds the Magistrate Judge's rulings are neither contrary to law nor clearly erroneous, and indeed, properly reflect the applicable law under Rules 16 and 6, respectively, of the Federal Rules of Criminal Procedure. Accordingly, the Court will not overrule the Magistrate Judge's Orders on these issues.

### IV. Defendant's Notice of Dismissal (Doc. No. 45)

Prior to the issuance of the R&R, Defendant asserted various arguments for dismissal and challenges to jurisdiction, which the undersigned has also reviewed *de novo*. Based on that review, the Court concludes that the Magistrate Judge correctly analyzed the issues, and the Court therefore adopts Judge Medler's well-reasoned

---

[3] Defendant did not file a formal motion regarding discovery, but stated in his Notice of Dismissal of Counsel his belief that he was untitled to a list of witnesses and grand jury testimony. (Doc. 45, p. 2.)

recommendations and will overrule Defendant's requests for dismissal and challenges to jurisdiction, which are summarized below:

a. The Court rejects Defendant's contention that the officers lacked authority to arrest Defendant on this indictment. The indictment was properly returned and the warrant was properly issued and returned. The law does not require the officers to present a defendant with a copy of the warrant unless the defendant requests same, and there is no evidence in this record of any such request by Defendant Hobbs.

b. The charge in the indictment is not barred by double jeopardy because the Double Jeopardy Clause does not bar a federal prosecution of a defendant prosecuted for the same acts in state court. Further, jeopardy had not attached on the state charges, and Defendant was not charged with the "same offense," within the meaning of *Blockburger v. United States*, 284 U.S 299, 304 (1932), in state and federal court.

c. Defendant's assertion that the Court lacks jurisdiction because he was not in the military, was not a federal employee, and the crime was not committed on federally owned or controlled property has no merit. The Court has original jurisdiction of violations of criminal laws of the United States, under 18 U.S.C. § 3231. *See United States v. Schumaker*, No. 11-13616, 2012 WL1886481, at *2 (11th Cir. May 24, 2012); *United States v. Hayes*, 574 F.3d 460, 471-72 (8th Cir. 2009). And here the indictment properly alleges a violation of 18 U.S.C. § 2422(b).

d. Although the Court understands Defendant's assertions in various portions of his filings that 18 U.S.C. § 2422 is unconstitutional, for the reasons set forth in the R&R,

the Court finds the statute to be constitutional and a proper exercise of Congress' power to regulate interstate commerce and instrumentalities of commerce under the Commerce Clause. *See United States v. Trotter*, 478 F.3d 918, 920-21 (8th Cir. 2007) (recognizing power of Congress to regulate computer connected to the internet as instrumentally of interstate commerce). The cases cited by Defendant do not suggest otherwise. *See United States v. Donaldson*, No. 4:10-CR-47-01-HLM, 2011WL 3918217, at *2 (N.D. Ga. Sept. 6, 2011) (rejecting argument that the decision in *Bond v. United States*, __ U.S. __, 131 S. Ct. 2355 (2011) required reconsideration of the validity of § 2422); *see also United States v. Louper-Morris*, 672 F.3d 539, 562-63 (8th Cir. 2012) (construing *Bond* as holding that criminal defendants may challenge statutes as violative of the Tenth Amendment, but holding wire fraud statute to be legitimate exercise of power under the Commerce Clause). And here, the evidence in the record is undisputed that Defendant used his cell phone—an instrumentality of interstate commerce—to commit the offense.

V. **Defendant's Writ of Error *Coram Nobis* and Demand for Dismissal** (Doc. No. 48)

The Court finds no basis for the arguments asserted in Doc. No. 48, and rejects these arguments for the reasons stated in the R&R, including Defendant's request for writ of error *coram nobis*; assertion that F.R.Civ. P. 4(j) applies; demand for disclosure of the Court's Jurisdiction; argument that the prosecution violates the Eleventh Amendment; objection to the use of capital letters in the indictment; objection to the Court's reference to the "UNITED STATES DISTRICT COURT" in the caption; assertion that jurisdiction

depends on the Foreign Sovereign Immunities Act of 1976 (FSIA) and 28 U.S.C. § 1330; contention that this action is a violation of the *Clearfield Trust* doctrine; assertion that he is being fraudulently prosecuted as an "enemy of the State" or an alien enemy resident under 50 U.S.C. § 23; argument that the 1959 Executive Order placed this Court under the jurisdiction of the presidential flag and military or civil jurisdiction; argument of improper venue and demand that venue be changed to the "Peoples Constitutional Art. III court"; and assertion that his rights are governed by the Uniform Commercial Code.

> **VI. Defendant's Writ of Error *Coram Nobis*, of Fraud Upon the Court** (Doc. No. 61)

To the extent Defendant has reasserted the arguments previously raised before the Magistrate Judge, the Court has treated Defendant's arguments in his May 31 filing as objections; but the Court both overrules the objections and independently rejects those arguments for the reasons set forth above, and will not further address these arguments. In this filing, Defendant also asserts several somewhat new arguments, which he asserts demonstrate a lack of jurisdiction. After a careful review of the Defendant's filing and the response by the United States, the Court rejects the new arguments asserted by Defendant, summarized below, as lacking in merit.

a. <u>Alleged Violation of Oath</u>: In paragraphs 1-9, and various other paragraphs of his filing, Defendant asserts that the prosecutors violated their oaths of office and that they and the Court have allowed perjured testimony by forcing Defendant to plead without being permitted to face his accuser at his arraignment, by denying Defendant the

9

affirmative defense of innocence, by not requiring the injured party to come forward and swear, and by violating what Defendant asserts is the prosecutors' duty to notify the Court that it does not have jurisdiction in this case. The Court rejects these arguments as having no basis.

As set forth in the response of the United States, there is no requirement, either under the Federal Rules of Criminal Procedure, or historically, that a defendant be able at his arraignment to face the alleged victim or require the victim or accuser to swear to the offense. *See United States v. Gray*, 448 F.2d 164, 167-68 (9th Cir. 1971). Rule 10 of the Federal Rules of Criminal Procedure requires only that the defendant receive a copy of the indictment, that the court read the indictment or advise the defendant of the substance of the charge, and that the defendant be asked to plead to the indictment. Defendant does not assert that these requirements were not met. The Court also rejects Defendant's argument that there was some intent to deny him the affirmative defense of innocence; Defendant was permitted to plead "not guilty" at his arraignment, and the prosecution will bear the burden to prove Defendant's guilt beyond a reasonable doubt at trial. And inasmuch as Defendant's jurisdictional arguments have no basis, the attorneys cannot have violated their oaths by not advising the Court to the contrary.

b. <u>Alleged Conflict of Interest</u>: In various paragraphs of his filing, Defendant asserts that the Court and the prosecutors have a conflict of interest because they are "hired by the government." Because Defendant's arguments amount to nothing more than an institutional argument of bias that would apply to all judges and prosecutors, and

10

no allegation of personal bias or conflict is alleged, Defendant's arguments are rejected. *See United States v. Bell*, 79 F. Supp. 2d 1169, 1173 (E.D. Cal. 1999).

      c. <u>27 C.F.R. 72.11</u>: Although his argument is unclear, Defendant appears to assert that crimes that derive from Congress' power under the Commerce Clause are limited to those defined in 27 C.F.R. § 72.11. The Court disagrees. As set forth in the plain language of Title 27 of the Code of Federal Regulation, this section simply provides definitions of terms used in the provisions dealing with the disposition of seized personal property by the Bureau of Alcohol, Tobacco Tax and Trade Bureau of the Department of the Treasury, and has no application to this case.

      d. <u>Foreign Agents</u>: Defendant's assertion that the prosecutors and the Magistrate Judge are "foreign agents," under 8 U.S.C. § 1481, has no basis. Defendant's further argument with respect to Fed. R. Civ. P. 4(j) was properly rejected for the reasons stated in the R&R, which this Court adopts.

      e. <u>Freedom of Information Act</u>: In paragraph 15, Defendant asserts that he is making a request for all documents related to Clifford Keith Hobbs under the Freedom of Information Act (the "FOIA"). This is not the proper forum or procedure for such a request. To the extent Defendant wishes to make such a request, he must do so under the procedures set forth in the FOIA. Discovery in a criminal prosecution is governed by the Federal Rules of Criminal Procedure and related case law.

      f. <u>Challenges to Grand Jury Proceedings</u>: The Court can find no basis for Defendant's assertion that the 4th, 5th and 6th Amendments to the constitution require

that he be entitled to face his accuser during grand jury proceedings. This argument is contrary to the language of Rule 6(d) of the Federal Rules of Criminal Procedure, and the case law pertaining to grand jury proceedings, and is therefore rejected. Defendant's further contention, that he has somehow been denied the ability to challenge the selection of the grand jury members, also lacks merit. Section 1867(a) of Title 28, United States Code, provides that in criminal cases a defendant may assert the failure to comply with the requirements for composing the grand jury "before voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor. . . ." There is nothing in this record to suggest that Defendant has been denied this opportunity, nor has Defendant alleged any failure to comply with the statutory provisions related to the composition of the grand jury.

    g. <u>Other Arguments</u>: The Court is unable to make sense of the remaining arguments asserted by Defendant, primarily in paragraphs 17 - 24, including Defendant's arguments pertaining to the placement of property of the People into a "trust"; related to adoption of the gold standard; regarding the *Cestui Que Vie* Act of 1666; that the undersigned and the prosecutors are required to be registered as debt collectors; that the prosecutors are using unlawful Tax Warrants to purchase securities and steal "this Beneficiary's" money; that the prosecuting attorneys are required to file Currency Transaction Reports; and reference, without further explanation, to the Securities Act of 1933 and the federal money laundering statute. These arguments appear to have no bearing on this case, and are denied.

## VII. Challenge to Jurisdiction (Doc. No. 64)

In his most recent filing, Defendant once again challenges the jurisdiction of this Court, repeating many of the challenges raised previously, including his assertion that the jurisdiction of the federal courts is limited to military personnel, federal employees, residents of the District of Columbia, and offenses committed within the territorial limits of the District of Columbia. After arguing that both this Court and the prosecuting attorneys are bound by oath to uphold the Constitution, including the provisions for the separation of powers, Defendant appears to contend that this Court cannot be a proper Article III Court, and that the prosecutors cannot be proper parties, because both have failed to recognize the absence of jurisdiction on the grounds Defendant asserts. But the Court finds no merit in Defendant's arguments that jurisdiction is lacking, or Defendant's numerous assertions that Congress has exceeded its authority in adopting the criminal statute at issue. As such, Defendant's arguments in paragraph 1-8 of Doc. No. 64 are denied.

In paragraphs 9 and 10 of his filing, Defendant appears to assert that the Assistant United States Attorneys have failed properly to establish their authority to act as counsel for the United States, apparently contending that there is an obligation on the part of Assistant United States Attorneys to present copies of their oath of office. The Court notes that Assistant United States Attorneys sign appointment affidavits, and that their oath is administered by a judge of this district court. But the Court is unaware of any requirement that Assistant United States Attorneys prove to defendants that they are

13

properly appointed or that they carry malpractice insurance, nor has Defendant cited to any such authority or requirement. Absent any facts suggesting that the attorneys who have publicly entered their appearances on the record on behalf of the United States are not, in fact, authorized to do so, the Court finds no basis to impose such a requirement, and Defendant's motion on this ground shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #57] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the Supplemental Report and Recommendation of United States Magistrate Judge [Doc. #59] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements and Evidence [Doc. No. 39] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motions to dismiss in his filing labelled "Notice of Dismissal of Counsel" [Doc. No. 45], including claims that the Court lacks jurisdiction, that the statute or his arrest is unconstitutional, and that the prosecution is barred by double jeopardy, are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motions to dismiss and other argument raised in Defendant's filing labelled, "Take Judicial Notice and Administrative

Notice: in the Nature of a Writ of Error, *Coram Nobis*, and a Demand for Dismissal for Failure to State the Proper Jurisdiction and Venue Pursuant to FRCP Rule 4(j)" [Doc. No. 48] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Requests for Discovery are **DENIED**, except Defendant's Request for grand jury transcripts is **GRANTED** to the extent of the United States' offer to produce grand jury transcripts. [Doc. No. 45]

**IT IS FURTHER ORDERED** that the United States' Motion for a Determination of Admissibility Pursuant to 18 U.S.C. § 3501 [Doc. No. 25] is **GRANTED**.

**IT IS FURTHER ORDERED** that any motions in Defendant's filing labelled "Take Judicial Notice and Administrative Notice; In the Nature of a Writ of Error, Coram Nobis, of Fraud Upon the Court, Improper Jurisdiction & Venue, and Perjured Oath & Conflict of Interest" [Doc. No. 61] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Challenge of Jurisdiction [Doc. No. 64] is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2012.